## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-362 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION** |
| JOHN ROBERT STROM, | |
| Defendant. | |

Leshia M. Lee-Dixon, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Deborah Kay Ellis, **ELLIS LAW OFFICE**, 6 West Fifth Street, Suite 700, Saint Paul, MN 55102, for defendant.

Defendant John Strom was charged in a one-count indictment with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Defendant filed pre-trial motions to suppress evidence and to suppress statements. In a Report and Recommendation dated February 8, 2008, United States Magistrate Judge Jeanne J. Graham recommended that defendant's motion to suppress evidence be granted, and that defendant's motion to suppress statements be denied as moot. Defendant filed objections to the Report and Recommendation,[1] and the Court has conducted a *de novo* review of

---

[1] Defendant objects only to that portion of the Report and Recommendation recommending that the Court deny as moot defendant's motion to suppress statements. The

(Footnote continued on next page.)

those objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons discussed below, the Court remands the motion to suppress statements to the Magistrate Judge for further factual findings.

Coon Rapids Police Officer Brady Madson received a radio dispatch on the evening of September 12, 2007.[2]  The dispatcher stated that an officer from the Minneapolis Police Department needed assistance with a narcotics investigation and wanted to interview the driver of a green pickup truck located at a particular gas station.  The dispatcher did not provide a description of the driver or details about why police wanted to speak to the driver.  Officer Madson went to the specified gas station, saw defendant pumping gas into a green truck, and parked his squad car directly behind the truck.  Based on the dispatch, and on defendant's nervous demeanor, Madson approached the defendant and conducted a pat-down search.  Madson discovered a glass pipe and a small quantity of illegal drugs in a pouch in defendant's pocket.  Madson placed defendant in the back of his squad car.  Minneapolis police arrived approximately ten minutes later and took defendant into custody.

Defendant was subsequently charged in a federal indictment with one count of distribution of methamphetamine.  Defendant filed a motion to suppress evidence seized by Officer Madson during the investigatory stop, and a motion to suppress statements that

---

(Footnote continued.)

parties have not objected to the Magistrate Judge's recommendation that this Court grant defendant's motion to suppress evidence.

[2] Additional factual background is set forth in the Report and Recommendation.  The factual record is derived solely from the testimony of Officer Madson.

defendant made after being taken into custody by Minneapolis police.  During the evidentiary hearing before the Magistrate Judge, counsel for the defense withdrew the motion to suppress statements, conceding that a DVD recording of the interview showed that defendant had been read his *Miranda* rights and had knowingly and voluntarily waived those rights.  The prosecution also agreed that it would not offer into evidence any statements made by the defendant prior to the *Miranda* warning.

Based on the unequivocal withdrawal of defendant's motion to suppress statements, the Magistrate Judge recommended in the Report and Recommendation that this Court deny that motion as moot.  However, the Magistrate Judge also recommended that the Court grant defendant's motion to suppress evidence, finding that Officer Madson lacked reasonable, articulable suspicion that defendant had committed a crime, and thus lacked legal justification for the investigatory stop.  In particular, the Magistrate Judge determined that the collective knowledge doctrine – imputing reasonable suspicion from one officer to another based on communication of information between officers – was inapplicable to Officer Madson.  *See United States v. Hensley*, 469 U.S. 221, 232 (1985).  The Magistrate Judge found that the dispatcher did not communicate any basis for believing that defendant was engaged in criminal activity, and that there was no evidence showing that the Minneapolis police officer who initially communicated with the dispatcher had some articulable suspicion of criminal activity.

Neither party objected to the Magistrate Judge's recommendation that defendant's motion to suppress evidence be granted.  The Court therefore adopts that recommendation and grants defendant's motion to suppress evidence.  However, counsel

for the defense now objects to the Magistrate Judge's recommendation that defendant's motion to suppress statements be denied as moot, arguing that because the Magistrate Judge found the investigatory stop to be illegal, any statements that were made subsequent to that illegal stop must be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

A confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the causal connection between the illegal arrest and the confession "so that the confession is 'sufficiently an act of free will to purge the primary taint.'" *Taylor v. Alabama*, 457 U.S. 687, 690 (1982) (quoting *Wong Sun*, 371 U.S. at 486)). Based on defense counsel's withdrawal of the motion to suppress statements, the Magistrate Judge made no factual findings as to whether defendant's statements were the product of his own free will. *See United States v. Vega-Rico*, 417 F.3d 976, 979 (8th Cir. 2005) (examining various factors in determining whether statements are the product of free will, including "*Miranda* warnings, the temporal proximity of the arrest and the confession, the presence of intervening circumstances, and particularly, the purpose and flagrancy of the official misconduct").

The Court cannot adjudicate defendant's motion to suppress statements absent further fact-finding on these issues. The Court therefore remands defendant's motion to suppress statements to the Magistrate Judge to elicit further testimony regarding the circumstances surrounding statements made by defendant during the custodial interview. The Court grants defendant's motion to suppress evidence.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **DEFERS** ruling upon in part and **ADOPTS** in part the Magistrate Judge's Report and Recommendation [Docket No. 25].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Evidence [Docket No. 10] is **GRANTED**.

2. The Court **DEFERS** ruling on defendant's Motion to Suppress Statements [Docket No. 12].  This matter is **REFERRED** to the Magistrate Judge for additional findings and recommendations as set forth above.


DATED:   March 31, 2008                        s/ John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                              United States District Judge